1

2

3

4

FILED
CLERK, U.S. DISTRICT COURT

DEC 1 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

"O"

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11  GALEN DEAN ROWLETT,            )    Case No. EDCV 08-01765 JFW (AN)
                                   )
12              Petitioner,        )    MEMORANDUM AND ORDER
                                   )
13      v.                         )
                                   )
14  MATTHEW CATE, Director of      )
    Corrections,                   )
15                                 )
                Respondent.        )
16  _____ )

17                    **I. Background**

18       On December 3, 2008, petitioner Galen Dean Rowlett, a state prisoner proceeding *pro*

19  *se*, filed his pending habeas petition pursuant to 28 U.S.C. §2254 ("§2254") in the Central

20  District of California, Eastern Division.  Pursuant to the Court's duty to screen §2254

21  petitions,[1] the Court has reviewed the Petition and finds it is subject to summary dismissal

22  because it plainly appears from its face that Rowlett is challenging the conditions of his

23  confinement, not the legality or duration of his conviction.  (Petition at 2.)   Specifically,

24  Rowlett principally claims (1) the California Department of Corrections and Rehabilitation

25  _____

26       [1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District

27  Courts, 28 U.S.C. foll. §2254 ("if it plainly appears from the face of the petition and any
    exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge

28  shall make an order for its summary dismissal and cause the petitioner to be notified").

1  ("CDCR") failed to provide a listing of items that were considered "clutter"; (2) the CDCR

2  failed to establish who owned or possessed the "clutter"; (3) the CDCR failed to enforce

3  written policy; (4) the CDCR failed to provide progressive discipline; and (5) the CDCR did

4  not provide any orientation in regards to rules and regulations.  (Petition at 5-6.)

5                                    **II.  Discussion**

6  **A.     Standard of Review**

7         **1.     Habeas Rules**

8         "A discrete set of Rules governs federal habeas proceedings launched by state

9  prisoners. *See* Rules Governing Section 2254 Cases in the United States District Courts[,

10 28 foll. U.S.C. § 2254 ("Habeas Rules")]." *Mayle v. Felix*, 545 U.S. 644, 654, 125 S. Ct.

11 2566, 2569 (2005).  The discrete Rules include Habeas Rule 2(c), which imposes a "more

12 demanding" pleading standard than the notice pleading used for complaints in ordinary civil

13 cases. *Id.* At 655.  Under Habeas Rule 2(c), a petition must "specify all the grounds for

14 relief available to the petitioner [and] state the facts supporting each ground[; . . . and] the

15 petition is expected to state facts that point to a real possibility of constitutional error." *Id.*

16 In *Felix*, the Supreme Court further emphasized that:

17                 [a] prime purpose of [Habeas] Rule 2(c)'s demand that habeas

18                 petitioners plead with particularity is to assist the district court in

19                 determining whether the State should be ordered to "show cause

20                 why the writ should not be granted." § 2243.  Under Habeas[]

21                 Rule 4, if "it plainly appears from the petition . . . that the

22                 petitioner is not entitled to relief in district court," the court must

23                 summarily dismiss the petition without ordering a responsive

24                 pleading.

25 *Id.* At 656.  The Advisory Committee Notes to Habeas Rule 4 also provide "it is the duty of

26 the court to screen out frivolous applications and eliminate the burden that would be placed

27 on the respondent by ordering an unnecessary answer," particularly where the petition does

28 not state facts "that point to a real possibility of constitutional error."  Habeas Rule 4,

                                          Page 2

1    Advisory Committee Notes (1976 Adoption).  Consistent with the foregoing principles,
2    Local Rule 72-3.2 of this Court authorizes a magistrate judge to prepare a proposed order
3    for summary dismissal and a proposed judgment for a district judge if it plainly appears from
4    the face of the petition that the petitioner is not entitled to relief.

5        **2.    § 2254**

6        Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110
7    Stat. 1214 (1996), this Court may only entertain a state prisoner's application for federal
8    habeas relief on the ground that the prisoner's custody violates the Constitution or law or
9    treaties of the United States.  § 2254(a).  Moreover, federal habeas relief "shall not be
10   granted with respect to any claim that was adjudicated on the merits in State court
11   proceedings unless the adjudication of the claim – (1) resulted in a decision that was
12   contrary to, or involved an unreasonable application of, clearly established Federal law, as
13   determined by the Supreme Court of the United States; or (2) resulted in a decision that was
14   based on an unreasonable determination of the facts in light of the evidence presented in the
15   State Court proceeding."  § 2254(d)(1)-(2).  The key to triggering § 2254's deferential
16   standard is a previous "adjudicat[ion] on the merits in State court proceedings."

17   **B.    Analysis**

18       **1.    The Petition must be dismissed since it is not directed at Rowlett's**
19            **underlying conviction or sentence.**

20       A habeas corpus petition can only be used to challenge the legality or duration of a
21   prisoner's confinement; in contrast a civil rights action is the proper mechanism for
22   challenging conditions of confinement.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.
23   1991)(prisoner must bring condition of confinement claims by way of a civil rights
24   complaint brought pursuant to 42 U.S.C. §1983 ("§1983"), not a habeas corpus petition).

25       As discussed above, the Petition plainly discloses that Rowlett is challenging a
26   condition of his confinement, not the legality or duration of his imprisonment stemming
27   from his underlying conviction and sentence.  Nor does the Petition set forth any facts "that
28   point to a real possibility of constitutional error" relating to his conviction and sentence.

1   Consequently, the Court finds the Petition is subject to summary dismissal.  Habeas Rule
2   4; *Felix,* 545 U.S. at 656.

3   **C.      The Court declines to construe the Petition as a Civil Rights Complaint**.

4        Under appropriate circumstances, district courts have the discretion to construe a
5   habeas petition as a civil rights complaint if it appears the allegations raise a viable
6   constitutional deprivation claim directed at the conditions of the petitioner's custodial
7   confinement instead of a challenge directed at the legality or duration of his conviction or
8   sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).  The Court
9   finds it would be inappropriate to construe Rowlett's Petition as a prisoner civil rights
10  complaint for the following reasons.

11       Prisoner civil rights actions under §1983 are subject to different requirements than
12  federal habeas proceedings under §2254.  The filing fee for a prisoner civil rights complaint
13  is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions.  28
14  U.S.C. §1914(a).  Prisoners who wish to bring civil rights actions *in forma pauperis* must
15  also qualify for IFP status and become financially responsible for paying the full $350.00
16  filing fee from their prison trust accounts.  See 28 U.S.C. §1915(b)(1).  Also, the Prison
17  Litigation Reform Act has amended 42 U.S.C. §1997e to provide that "[n]o action shall be
18  brought with respect to prison conditions under section 1983 of this title, or any other
19  Federal law, by a prisoner confined in any jail, prison, or other correctional facility until
20  such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).  In
21  California, this means that a prisoner must go through the following levels of administrative
22  appeal before filing suit in federal court: (1) informal resolution (waived under certain
23  conditions); (2) formal written appeal on a California Department of Corrections ("CDC")
24  602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4)
25  third level appeal to the director of the CDC.  Cal.Code Regs. Tit. 15, §3084.5; *Barry v.*
26  *Ratelle,* 985 F.Supp. 1235, 1237-38 (S.D. Cal. 1997).  "If the district court concludes that
27  the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the
28  claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2002); *see White*

1   *v. McGinnis*, 131 F.3d. 593, 595 (6th Cir. 1997) (affirming district court's *sua sponte*
2   dismissal without prejudice for failure to exhaust administrative remedies). The Supreme
3   Court has held §1997e(a)'s exhaustion requirements apply to all claims relating to prison
4   life which do not implicate the duration of a prisoner's sentence. *Porter v. Nussle*, 534 U.S.
5   516, 532, 122 S. Ct. 983, 992, 152 L.Ed.2d 12 (2002).

6       In order to make sure that a prisoner has complied with the foregoing exhaustion
7   requirements, this Court requires prisoners bringing §1983 civil rights actions to use the
8   Court-approved civil rights complaint form, which contains instructions that are tantamount
9   to general orders of this Court and requires the inmate to set forth specific information
10  relating to each defendant, and to allege facts that show how each defendant deprived the
11  prisoner of a constitutional right that entitles the prisoner to relief under § 1983. *See* Civil
12  Rights Complaint Form CV-66; *see Brady v. Attygala,* 196 F.Supp.2d 1016, 1018 (C.D. Cal.
13  2002).

14      Rowlett's Petition is not prepared on this Court's approved prisoner civil rights
15  complaint form. He has not paid the required $350.00 filing fee to file a prisoner civil rights
16  complaint or demonstrated that he is entitled to proceed IFP. Nor has he authorized funds
17  to be withdrawn from his prison trust account to pay for all or any part of the filing fee.
18  Therefore, the Court finds it is inappropriate to construe his petition as a prisoner civil rights
19  complaint.

20  / / /
21  / / /
22  / / /

Page 5

1

2
### III. Conclusion

3
For the reasons set forth above, the petition is summarily dismissed without prejudice.

4
A judgment of dismissal of the entire action shall be entered accordingly.

5

6
**IT IS SO ORDERED.**

7

8
DATED:      December 12, 2008

9
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

10

11
Presented by:

12

13
/s/  ARTHUR NAKAZATO

14
Arthur Nakazato
United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28